# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Filed in Open Court |
| Plaintiff, | ) 10-24-05 /fee |
| vs. | ) Criminal No. 05-20375-01-Ma |
| CHERYL ROSS PEREZ, | ) |
| Defendant, | ) |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office, Western District of Tennessee, and the Defendant, Cheryl Ross Perez and her attorney Jake Erwin have reached an agreement that contemplates the entry of a plea of guilty by the defendant to a one count Information.

The Information charges health care fraud, a violation of Title 18, United States Code, 1347. This count carries a maximum possible sentence of not more than 10 years, $250,000 and a special assessment of $100 and three years supervised release.

Cheryl Ross Perez admits that she is in fact guilty of the offenses charged in the Information and acknowledges that she has been advised and does fully understand the nature of the charges to which the plea is offered and the maximum possible penalty provided by law; that she has the right to be tried by a jury, and at that trial she has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and that if she pleads

4

guilty, there will not be a trial of any kind, so that by pleading guilty, she waives the right to a trial.

**The full and complete plea is as follows:**

1. Defendant agrees to enter a voluntary plea of guilty to the Information.

2. The defendant understands and agrees that the special assessment is due and payable to the United States District Court office immediately following sentencing.

3. The parties agree that the defendant's relevant conduct associated with the fraud is less than $70,000. The defendant agrees to plead guilty to the Information and to waive any rights to have facts relevant to sentencing either charged in an indictment, proven to a jury, or proven beyond a reasonable doubt. The defendant understands that the United States Sentencing Guidelines Manual will be used in calculating his sentence, and that the U.S.S.G. are considered advisory in nature at this time. Both parties acknowledge that the U.S. Probation office will analyze the facts and may make additional adjustments from other sections of the U.S.S.G. and submit that report to the Court.

4. Cheryl Ross Perez agrees to provide the United States Probation Office and the attorney for the United States a complete and accurate personal financial statement and any and all other records and documents pertaining to her financial condition.

5. Should it be judged by the government that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of the United States Sentencing Guidelines Section 3C1.1 from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw the plea, the

government will be released from its obligations and would become free to argue for an upward departure. This would not release the defendant from the plea of guilty.

6. The United States has not begun trial preparation at the time of the writing of this agreement. Thus, the parties recognize that the defendant is eligible to receive three points for acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1. The defendant understands that if the United States receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if she engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted, and the extent of which it is granted, is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility credit is not a basis for Cheryl Ross Perez to withdraw her guilty plea.

7. This agreement is limited to this office and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. This agreement does not apply to any forfeiture proceedings, judicial, administrative, or otherwise, and shall not preclude any past, present, or future forfeiture actions.

government will be released from its obligations and would become free to argue for an upward departure. This would not release the defendant from the plea of guilty.

6. The United States has not begun trial preparation at the time of the writing of this agreement. Thus, the parties recognize that the defendant is eligible to receive three points for acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1. The defendant understands that if the United States receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if she engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted, and the extent of which it is granted, is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility credit is not a basis for Cheryl Ross Perez to withdraw her guilty plea.

7. This agreement is limited to this office and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. This agreement does not apply to any forfeiture proceedings, judicial, administrative, or otherwise, and shall not preclude any past, present, or future forfeiture actions.

8. The defendant agrees to make restitution as ordered by the court at sentencing.

_____  
X Cheryl Ross Perez  
Cheryl Ross Perez  
Defendant

10-24-05  
_____  
Date

_____  
Jake Erwin  
Attorney for Cheryl Ross Perez

10-24-05  
_____  
Date

_____  
Cam Towers Jones  
Assistant United States Attorney  
800 Federal Building  
Memphis, TN 38103

October 24, 2005  
_____  
Date

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CR-20375 was distributed by fax, mail, or direct printing on October 26, 2005 to the parties listed.

---

Cam Towers Jones
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Jake Erwin
,

US Marshals
Memphis, TN

US Pretrial Office
Memphis, TN

US Probation Office
Memphis, TN

Honorable Samuel Mays
US DISTRICT COURT